IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:11-CV-37-D

McDONALD CONYERS, )
)
Plaintiff, )
)
v. ) **ORDER**
)
MICHAEL J. ASTRUE, )
Commissioner of the Social Security )
Administration, )
)
Defendant. )

On June 29, 2012, Magistrate Judge Daniel issued a Memorandum and Recommendation ("M&R") [D.E. 46]. In that M&R, Judge Daniel recommended that the court grant McDonald Conyers's ("Conyers" or "plaintiff") motion for judgment on the pleadings [D.E. 38], deny Michael J. Astrue's ("Commissioner" or "defendant") motion for judgment on the pleadings [D.E. 43], and remand the case to the Commissioner for further proceedings consistent with the M&R. On July 13, 2012, the Commissioner filed objections to the M&R [D.E. 47]. Conyers did not respond.

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (alteration in original) (emphasis and quotation omitted); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted).

The court has reviewed the M&R, the record, and the Commissioner's objections. As for those portions of the M&R to which the Commissioner made no objection, the court is satisfied that there is no clear error on the face of the record.

The court has reviewed de novo the portions of the M&R to which the Commissioner objected. The scope of judicial review of a final decision regarding disability benefits under the Social Security Act is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the Commissioner applied the correct legal standards. See, e.g., 42 U.S.C. § 405(g); Walls v. Barnhart, 296 F.3d 287, 290 (4th Cir. 2002); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966), abrogated by implication on other grounds by Black & Decker Disability Plan v. Nord, 538 U.S. 822 (2003).

This court may not reweigh the evidence or substitute its judgment for that of the Commissioner. See, e.g., Hays, 907 F.2d at 1456. Rather, in determining whether substantial evidence supports the Commissioner's decision, the court's review is limited to whether the Commissioner analyzed the relevant evidence and sufficiently explained his findings and rationale concerning the evidence. See, e.g., Sterling Smokeless Coal Co. v. Akers, 131 F.3d 438, 439–40 (4th Cir. 1997).

The court has reviewed the record, the M&R, and the objections de novo. The objections simply rehash the arguments addressed in the M&R concerning (1) whether the ALJ's decision was supported by substantial evidence in the record, and, (2) whether the Fourth Circuit's decision in Hancock v. Astrue, 667 F.3d 470 (4th Cir. 2012), dictates a decision in favor of the Commissioner.

Moreover, the remand (of course) does not dictate any particular result. Rather, the ALJ simply needs to discuss and analyze the issues concerning the level of adaptive functioning. The court OVERRULES the objections [D.E. 47], and adopts the M&R [D.E. 46]. Accordingly, Conyers's motion for judgment on the pleadings [D.E. 38] is GRANTED, the Commissioner's motion for judgment on the pleadings [D.E. 43] is DENIED, and the case is REMANDED to the Commissioner for further proceedings consistent with the M&R [D.E. 46] and with this order.

SO ORDERED. This 10 day of August 2012.

JAMES C. DEVER III
Chief United States District Judge